Food Town Stores v. City of Salisbury

FOOD TOWN STORES, INC., PETITIONER v. CITY OF SALISBURY, NORTH CAROLINA, RESPONDENT

BRAD RAGAN, INC., BRAD RAGAN REALTY COMPANY, B. V. HEDRICK GRAVEL AND SAND COMPANY, HEDRICK REALTY & INVESTMENT COMPANY AND 601 INDUSTRIAL DEVELOPMENT CORPORATION, PETITIONERS v. CITY OF SALISBURY, RESPONDENT

No. 30

(Filed 8 July 1981)

**Municipal Corporations § 2.2 — annexation ordinance — remand for amendment — findings and hearing unnecessary — effective date of ordinance**

Where the Supreme Court found that a city was in compliance with the 60% use test of G.S. 160A-48(c)(3) by the inclusion of a previously uncounted lot in the annexed area and that the city had met its statutory burden for annexation but remanded the case because the Court had no authority to amend the annexation report and ordinance by recognizing the previously uncounted lot, it was unnecessary for the city council upon remand to hold a hearing and make findings of fact before amending the annexation report and ordinance to comply with the Supreme Court decision, and the ordinance became effective on the date the amendment was adopted by the city council.

APPEAL by petitioners from judgment of *Hairston, J.*, entered at the 3 November 1980 Session of Superior Court, ROWAN County. This Court allowed the City of Salisbury's petition for writ of certiorari on 15 December 1980.

This case was before us previously in the Spring Term, 1980. The earlier opinion of the Court is reported in 300 N.C. 21, 265 S.E. 2d 123 (1980).

In our previous opinion we upheld the City Council's methods of counting and classifying lots, and found that the Council's plans for extending municipal services met statutory requirements. However, we found error in the trial court's use classification of several lots. We further noted, however, that the trial court had found an additional qualifying lot within the annexed area, a lot not previously counted by the city for purposes of establishing compliance with the use test of G.S. 160A-48(c)(3).

Petitioners did not contest the finding by the trial court concerning this additional lot, which was being used for a qualifying

purpose. By the addition of that lot to the total, we found the city to be in compliance with the sixty percent use test.

However, since our earlier case law had established that courts do not have authority to amend an annexation report or ordinance, we remanded the cause to the city for amendment of the annexation report.

On 17 June 1980, the City Council of Salisbury amended the annexation ordinance in accordance with the opinion of this Court. On that same day, petitioner Food Town Stores filed a petition in Superior Court, Rowan County seeking review of the City Council's action and a stay of the annexation ordinance. The remaining petitioners filed an action on 15 July 1980, seeking the same relief. The City of Salisbury moved to dismiss both actions for failure to state a claim upon which relief can be granted. Judge Riddle issued an order staying operation of the ordinance on 18 August 1980. Judge Wood did likewise on 22 August 1980.

On 23 October 1980 the city served notice on petitioners that the city was converting its Rule 12(b) motions to dismiss to motions for summary judgment under Rule 56. A full hearing on the Rule 56 motions was held at the 3 November 1980 Session of Superior Court, Rowan County. In an order dated 19 November 1980, Judge Hairston denied the city's motions for summary judgment. Judge Hairston further ruled that he found a question of law of substantial importance involved in the cause, and that he could find no just cause why petitioner should not seek expedited review by petitioning this Court.

*Shuford & Caddell by Thomas M. Caddell and Dwight L. Crowell III, attorneys for Food Town Stores, Inc.; Kluttz and Hamlin by Clarence Kluttz and Malcolm B. Blankenship, Jr., attorneys for Brad Ragan, Inc., et al.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by Norwood Robinson, F. Joseph Treacy, Jr. and Penni L. Pearson, attorneys for City of Salisbury; Margaret R. Short, City Attorney.*

PER CURIAM.

In this proceeding appellants challenge the process whereby the City Council amended the annexation report to reflect the

earlier opinion of this Court. Specifically, petitioners allege that the City Council was required to make new findings of fact before amending the annexation report and ordinance, and that petitioners were entitled to notice and a hearing prior to Council's amendment of the annexation report and ordinance.

We find both contentions to be without merit. It is clear from the language of this Court's prior decision that the case was remanded solely because this Court did not have the authority to make the necessary corrections. Those corrections were purely administrative in nature, and could in no way alter our prior determination that the City of Salisbury had in fact met its statutory burden, which is a prerequisite to effective annexation. On remand, no further hearing was necessary.

Furthermore, as we had determined in our earlier opinion that annexation was properly accomplished, the action before us cannot be deemed a motion in the cause. It is instead a new action. Accordingly, we hold that the date upon which the ordinance became effective was the date the amendment was adopted by the City Council, 17 June 1980. G.S. 160A-50(i). This holding in no way conflicts with our decision in *Moody v. Town of Carrboro*, 301 N.C. 318, 271 S.E. 2d 265 (1980).

The result is that the city's motion for summary judgment should have been allowed and the orders entered staying the effective date of the ordinance should now be dissolved. The orders of Riddle, J., dated 18 August 1980, of Wood, J., dated 22 August 1980, and of Hairston, J., dated 19 November 1980 staying the effective date of annexation are hereby vacated. The cause is remanded to Superior Court, Rowan County for entry of appropriate orders granting the city's motions for summary judgment and dismissing the action.

Reversed and remanded.